In the Matter of the Application of ALBERT OTTINGER, Attorney-General of the State of New York, Appellant, for a Writ of Mandamus against JOHN R. VOORHIS et al., Constituting the Board of Elections of the City of New York, Respondents.

Elections — New York city — voting machines — statutes requiring the Board of Elections of the city of New York to install voting machines for use in the elections in said city construed and applied — the Board of Elections having failed to obey the mandate of the statutes, the duty therein prescribed devolves upon the Secretary of State.

1. The Legislature having amended the Election Law (Cons. Laws, ch. 17) so as to enact that all the election districts in New York city should be equipped with voting machines in time for the general election in 1924 and that their use was to be permanent (§§ 243, 245, 246), the Board of Elections of that city was charged with the duty of selecting a type of machine to be used, and in case of its failure so to do, as it did fail, the Secretary of State was charged with the duty of making such selection, which he discharged; the Board of Elections was charged with the duty of making

4

contracts for equipment of the election districts with voting machines and on their failure to discharge this duty on or before certain dates specified in the statute the duty to make such contracts passed to the Secretary of State. The Board of Elections did fail to make the contracts and the Secretary of State has likewise failed to do so. The Board of Elections having failed to act as it was authorized and required to do by the statute, has lost all of its powers, and the duty once possessed by it to make contracts for supplying machines under the statute has now passed to and rests upon the Secretary of State as a continuing obligation.

2. While the statute required all districts to be equipped in time for the election of 1924, the provisions as a whole show that their use was not to expire with that election but was to be permanent. The public cannot be deprived of the benefits of a statute because a public official charged with the duty of carrying out the statute is tardy or neglectful in so doing. Unless it is otherwise prescribed by the statute the duty of the Secretary of State to act continues, and although the time has passed within which it was contemplated he would act, the duty continues and follows him until discharged.

3. This proceeding having been instituted to obtain a peremptory mandamus compelling the Board of Elections of the city of New York to carry out the legislative mandate by adopting and installing within the city some kind of voting machines, the application for such mandamus was properly denied, because whatever powers and duties were originally conferred and imposed upon the Board of Elections have been canceled and expired and are imposed upon the Secretary of State.

*Matter of Ottinger* v. *Voorhis*, 213 App. Div. 561, affirmed.

(Argued June 11, 1925; decided July 15, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 22, 1925, which affirmed an order of Special Term denying a motion for a peremptory order of mandamus to compel defendants to comply with section 243 of the Election Law and adopt voting machines for use at elections in the city of New York.

*Wendell P. Brown* and *A. S. Gilbert* for appellant. A continuing duty rests on the respondents to designate and redesignate as and when necessity requires a type or types of voting machine for use in the city of New York. (Cons. Laws, ch. 17, § 243.)

*George P. Nicholson, Corporation Counsel* (*Charles J. Druhan* and *Arthur J. W. Hilly* of counsel), for respondents. The order of the Supreme Court, denying the application for mandamus, is correct because the undisputed facts clearly show that the respondents are not in default. (Cons. Laws, ch. 17, § 243.)

HISCOCK, Ch. J. The Legislature, apparently thinking that the use of voting machines in the city of New York would tend to reduce expenses, eliminate errors and prevent frauds of and in elections held in that city, attempted in 1921 to adopt legislation providing for their installation there as well as other places. This proceeding has been instituted to compel the defendants to carry out such legislative purpose by adopting for use in elections in New York city some kind of voting machines, it being claimed that they have failed to discharge their duties in that respect and are now in a default which may be corrected by mandamus. The courts have refused to grant the prayer of the petition and for reasons which we shall state, we think that this decision is correct.

The first attempt to provide for the use of voting machines in New York was in the form of amendments to the Election Law adopted in 1921, but, while some steps were taken under the law as thus amended, no results were accomplished in the way of actual installations of machines.

In 1922, becoming effective March 11th, amendments to the Election Law relating to the use of voting machines were adopted whereby sections 393 and 395 of the Election Law were amended and a new section known as 395-a added. These sections subsequently became sections 243, 245 and 246 of the Election Law which took effect April 12, 1922, and, with various supplementary and subordinate provisions, constitute the law governing the disposition of the present proceeding. I shall use section numbers employed in the first act referred to.

Section 393, as amended, provided that "The Board of Elections of the city of New York and the common council or other legislative governing body of each other city of the first class shall * * * adopt for use at elections any kind of voting machines approved by the State Board of Voting Machine Commissioners * * *. If, on or before the 1st day of April, 1922, such Board of Elections * * * shall have failed to agree thereon (the kind of machine to be adopted) the Secretary of State within ten days thereafter, shall adopt a kind or kinds of voting machine for use at elections in such cities. A sufficient number of voting machines shall thereafter be provided in the manner prescribed in section 395-a so that at the general election in 1922 polling places in such cities to the extent of at least 15 per centum shall be equipped therewith. At least an additional 40 per centum of the polling places in such cities shall be so equipped with voting machines for use at the general election in 1923. All the remaining polling places in such cities shall be so equipped with voting machines for use at the general election in 1924." Section 395-a, so far as applicable, provided: "Whenever a kind or kinds of voting machine shall have been or hereafter shall be adopted for use in a city of the first class and such machines shall not have been provided on or before the first day of May, 1922, the Board of Elections of the city of New York, * * * shall provide a sufficient number of voting machines to satisfy the requirements of section 393 of this chapter." Said section then contains provisions for designating the election districts in which such voting machines should be installed in each year, and then provides: "The voting machine adopted shall be thereafter used in the districts so determined upon * * *. In the event that such Board of Elections, * * * shall not agree upon and execute a contract or contracts for the purchase of the necessary voting machines for the year 1922 on or before the 15th day of May, 1922,

and for 1923, and 1924, on or before the 1st day of March in each of such years respectively, such contract or contracts shall be awarded, made and executed by the Secretary of State on approval of the Attorney-General as to form," and then follow provisions for payment of the expenses connected with the purchase and installation of said voting machines by the city for which they were purchased.

The petition of the Attorney-General in reference to acts performed under these statutes is quite incomplete but from the affidavit of the defendant Voorhis filed in opposition to the present application we secure quite a complete record of what was done and which furnishes the basis for our decision.

It appears from the records of the Board of Elections as set forth in the affidavit of Mr. Voorhis that some time prior to April 1st, 1922, various voting machines had been approved by the State Board of Voting Machine Commissioners and were before the Board of Elections for consideration. While it does not directly appear that the United States Standard Voting Machine had been thus approved, it had been adopted by the Secretary of State in the proceedings under the statutes as they existed in 1921 and it seems to have been assumed by the Board of Elections that this machine was properly before it for consideration and no contention to the contrary is made upon this appeal.

With several machines before it for consideration the Board of Elections was unable to agree upon the particular machine to be adopted and, under the statute, so notified the Secretary of State who thereupon in accordance with the provisions of the statute approved and adopted the United States Standard Voting Machine as the one to be used. Thereafter the Board of Elections secured appropriation by the board of estimate and apportionment of a sufficient sum with which to pay for the number of said voting machines then required to be installed. But

when still later it attempted to make a contract with the company manufacturing said machines it failed to do so and still later when, upon such failure of the Board of Elections, the Secretary of State in accordance with the statute attempted to make a contract with said company, he also failed and thus and there ended, so far as the papers disclose, any attempt to comply with the statutes and install in the city of New York voting machines. The provisions relating to the selection of election districts in which the machines should be placed by installments have ceased to be of importance because the time has now passed when all districts were to be equipped.

Therefore, summarizing the provisions of the statute and the acts performed thereunder the present situation seems to be this: The Legislature enacted that all the election districts in New York city should be equipped with voting machines in time for the general election in 1924 and that their use was to be permanent; the Board of Elections of that city was charged with the duty of selecting a type of machine to be used and in case of its failure so to do, as it did fail, the Secretary of State was charged with the duty of making such selection, which he discharged; the Board of Elections was charged with the duty of making contracts for equipment of the election districts with voting machines and on their failure to discharge this duty on or before certain dates specified in the statute the duty to make such contracts passed to the Secretary of State. The Board of Elections did fail to make the contracts and the Secretary of State has likewise failed to do so.

Under these circumstances we think that the Board of Elections having failed to act as it was authorized and required to do by the statute, has lost all of its powers and that the duty once possessed by it to make contracts for supplying machines under the statute has now passed to and rests upon the Secretary of State as a continuing obligation. While the statute required all districts to

be equipped in time for the election of 1924, the provisions as a whole show that their use was not to expire with that election but was to be permanent. It is well settled that the public cannot be deprived of the benefits of a statute because a public official charged with the duty of carrying out the statute is tardy or neglectful of his duty. Unless it is otherwise prescribed by the statute his duty to act continues and although the time has passed within which it was contemplated he would act, the duty continues and follows him until discharged. (*Pond* v. *Negus*, 3 Mass. 230; *People* v. *Allen*, 6 Wend. 486; *People* v. *Cook*, 14 Barb. 259; *Looney* v. *Hughes*, 26 N. Y. 514; *Matter of Clark*, 168 N. Y. 427.)

Therefore, simply interpreting the statute as it is written, we reach the conclusion that whatever powers and duties were originally conferred and imposed upon the Board of Elections have been canceled and have expired and that the order denying the application for mandamus was correctly made and should be affirmed, with costs.

CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Order affirmed.