William E. Brennan, Jr., J.
The Village of Freeport, its Mayor and Trustees, seek to intervene in this action brought against the Town of Hempstead by the owner of a large tract of land in the town to obtain a judicial declaration that the present town zoning (Industrial Y) is unconstitutional and that any zoning imposing standards higher than single-family residences on plots of not more than 6,000 square feet would also be unreasonable and unconstitutional. None of the plaintiff’s land is within the village. However, the land is bounded on three sides by water, its northern boundary line adjoins the southerly boundary line of the village, and there is no vehicular or pedestrian access to the parcel except over and across one street leading from the village to the peninsula on which lies the plaintiff’s land.
*382 To establish its interest in the action, the village urges that a rezoning would result in the construction of approximately 1,000 one-family dwellings on plaintiff’s property and that even though such dwellings would be outside the village limits, the village itself would be affected by reason of the increased use of its streets and the need for services and facilities essential to a residential area. To establish the necessity for intervention to protect its interest, the village makes vague charges that the attitude of the town toward this action is less than conducive to a strenuous defense. It also states an opinion that if a proposal presently pending before the Town Board to rezone the plaintiff’s property into a Residence A-l Zone (requiring 10,000 square feet per dwelling lot) is adopted, the plaintiff will discontinue this action. Since the village seeks to intervene as a party defendant, the latter argument loses dimension. The plaintiff could not be compelled to pursue the litigation if it chose not to or if the litigation became moot by reason of legislative action of the Town Board.
Decision of the motion rests upon the application of section 193-b of the Civil Practice Act. Added by the Laws of 1946, it provides for mandatory and discretionary intervention. Subdivision 1 recites four situations in which a person “ shall be permitted to intervene ” as of right. Only one is relied upon by the movants, to wit, “ when the representation of the applicant’s interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action ”. Both statutory requirements must be met (2 Carmody-Wait, New York Practice, p. 656).
There is no factual showing that the town will omit any duty imposed upon it by law. The expression of an opinion that the action of the town in noticing a public hearing of a proposed rezoning 1 ‘ indicates an attitude toward the action less than conducive to a strenuous defense ’ ’ is not evidence of inadequacy of representation. The town, which has taken no position on this application, is still entitled to the benefit of the presumption that its officials will omit no duty which the law imposes upon them (Matter of Whitman, 225 N. Y. 1, 9; Schieffelin v. Goldsmith, 253 N. Y. 243, 252; Matter of Evans v. Berry, 262 N. Y. 61, 72).
Furthermore, it is by no means clear that the applicant, in the statutory sense, is or may be bound by the judgment in the action. Any taxpayer or resident is affected in some degree by judicial declarations or determinations with respect to zoning of areas adjacent to or near his property. To say that this automatically furnishes a basis for intervention would be to *383 create limitless horizons for intervention and lead to a most chaotic situation (cf. Zara Contr. Co. v. City of Glen Cove, 22 Misc 2d 279). It follows that the movants are not entitled to intervene herein as of right.
Permissive intervention is available when a statute grants a right to intervene in the discretion of the court or when an applicant’s claim or defense and the main action have a question of law or fact in common (Civ. Prac. Act, § 193-b, subd. 2). No permissive statute is invoked and the applicant must therefore rely upon the presence of common questions of law or fact. No such common question has been established. While the notice of motion recites the complaint in the action as an enumerated paper, the complaint is not before the court, and the proposed answer, denying allegations of that missing document, is of no assistance in determining the questions of law or fact which will be in issue in the main action. Without knowing what the questions are, the court cannot determine with assurance whether there will be any which could be said to be in common with the applicant’s defense. The motion to intervene as a party defendant is accordingly denied without prejudice to a renewal if the applicant be so advised.
Enough has been shown, however, to entitle the village to appear herein as amicus curia for the purpose of submitting legal argument and authorities to the court. In this county of multiple sovereignties it is frequently observed that our towns and villages do not always enjoy an identical community of interest. It is entirely appropriate in such eases that these differing viewpoints have expression before our courts.