Charles Marks, J.
By petition and order to show cause, the three trustees of an inter vivos trust, the McCrory Employees Pension Plan (Plan), have applied for a settlement of their accounts pursuant to article 79 of the Civil Practice Act now article 77 of the Civil Practice Law and Rules.
In accordance with the terms of the trust indenture, notice of ■the application was given solely to the McCrory Corporation, the only “ necessary party.” McCrory interposed an answer setting forth nine objections to the account and prayed for an order appointing a Referee to hear and report or hear and determine, as the court may direct, whether there are persons other than McCrory interested in the subject matter of the proceeding, to wit: members of the Retirement Members Plan or their beneficiaries and, if there were such persons, that special counsel be appointed to represent them and directing the manner in which notice, if any, shall be given them. The answer further prayed that the Referee to be appointed to report or determine with respect to any and all other issues which may be raised and for the imposition of whatever liability may exist for any breach of fiduciary duty under the terms and conditions of the trust indenture.
By decision dated September 13, 1963, the court granted the motion to the extent of appointing a Referee to hear and report in connection with the matters aforestated and directed the settlement of an order providing for the appointment of a Referee and special counsel in accordance with the aforesaid prayer, the determination of the settlement of the accounts being held in abeyance pending the coming in of the Referee’s report.
Prior to the submission of such an order the instant motion was made by J. Neal Dow, a stockholder and director of McCrory, to intervene pursuant to the provisions of section 193-b of the Civil Practice Act now sections 1012 and 1013 of the Civil Practice Law and Rules, and same has been referred to me by agreement of counsel. Intervention is sought upon the ground that the trustees and McCrory are not true adversaries, rather that the controversy is a “ friendly ” one in that some or all of the three trustees are officers and directors of McCrory and Rapid-American Corporation (Rapid) which owns a majority of the *586 voting stock of McCrory, that one of the trustees, Mr. Wachtel, is general counsel to both McCrory and Bapid; that while one of the trustees was selling his Bapid stock, the Plan continued to buy such stock although cognizant of Bapid’s alleged financial difficulties; that the trustees purchased stock of E. W. Bliss Company of which Mr. Spangenberg was a director; that the judicial settlement of the accounts herein sought resulted from Mr. Dow’s disclosures and that MeCrory’s attorneys have acted as special counsel for McCrory and/or its officers on prior occasions.
The trustees and McCrory oppose intervention upon the grounds that same is unnecessary and would serve no useful purpose; that it would create a situation in which McCrory would be represented by two sets of attorneys; Mr. Dow seeking to intervene in a representative capacity; that intervention would result in wasteful unproductive and costly duplication of work and would increase the burden upon the Beferee and the court; that the intervention is motivated by malice and vindictiveness and that the hearings would become “ a personal vendetta ” and a resultant “ Donnybrook.” It is further contended that intervention cannot be granted as of right and should not be granted in the exercise of discretion.
Counsel for McCrory points out that the proposed intervener does not question the competence or integrity of his firm, but has lauded it; that Mr. Dow’s proposed objections have already been interposed by McCrory (indeed that the Dow objections are but two in number while McCrory has specified nine); that the intervener has not suggested any other issue or claim against the trustees which would or could not be raised by McCrory and that a consequence of granting intervention would be to increase the expense to McCrory and/or the Plan. It is suggested that the intervention has ulterior motivation, that the trustees and McCrory contemplate legal action against the proposed intervener and that Mr. Dow has previously approved of the trustees ’ actions.
The intervener’s alleged malice against the trustees and the latters’ charges against him are of no moment with respect to the instant litigation. The sole issues are the accuracy of the accounts, and whether the trustees have been faithful to their fiduciary obligations, and whether the proceeding is truly of an adversary nature and whether the posture of the McCroy attorneys is one of undivided loyalty, unburdened by any conflict of interest.
The intervention statutes were patterned after rule 24 of the Federal Buies of Civil Procedure, in an effort to broaden *587 and liberalize their application and must be liberally construed (Mann v. Compania Petrolera, 17 A D 2d 193 [1st Dept.]). However, intervention is not to be granted indiscriminately and without regard to the statutes.
The court in denying intervention in Matter of General Warehousemen’s Union (Glidden Co.) (9 Misc 2d 648, 650-651) stated: “ No such showing has been made or attempted in the instant case. The mere fact that the proposed intervenors are third-party beneficiaries under the collective bargaining agreement, and direct beneficiaries of the property rights established thereunder and accruing from their employment, does not afford them the unrestricted right to intervene in and become parties to proceedings in which they are adequately represented by their collective bargaining agent which has not been neglectful of their interests and indeed has initiated the arbitration proceedings.” See, also, Hornstein, Corporation Law and Practice, (Vol. 2) section 724: “Despite the seemingly mandatory character of statutory provision for intervention, courts always exercise discretion. They deny leave to intervene if they doubt the motive of the proposed intervenor or if they deem further intervention unnecessary.” (Emphasis supplied.)
With regard to the alleged inadequacy of the affidavit of representation, Wyllys S. Newcomb, Esq., chief counsel for McCrory, states: “16. As the pre-trial depositions and other investigatory proceedings go forward, appropriate action will be taken by the respondent McCrory to take the depositions of all such other persons and corporations as may appear to be necessary and advisable in the light of the facts as they develop. The same will be true of documents and records. Should the investigation conducted by McCrory and its counsel indicate that other objections to the accounts should be interposed, McCrory will take appropriate action to amend its answer. 17. McCrory and its counsel have proceeded and are proceeding herein with all due diligence to ascertain the relevant facts and circumstances, obtain all material documents and other evidence and present and prosecute all claims and objections to the Trustees’ accounts as may be necessary fully to protect the rights of McCrory and to recover with respect to any liabilities which may be owing from said Trustees. 20. So far as your deponent can derive the same from the supporting affidavits, Mr. Dow bases intervention upon the proposition that somehow or other my firm, i.e., Royall, Koegel & Rogers, cannot be expected or relied upon adequately to represent McCrory in the instant case and that Mr. Dow’s presence in the case as a party is required to ensure that this will be a ‘ truly adversary ’ pro *588 ceeding. 21. Mr. Dow does not question the integrity of my firm. On the contrary, in a memorandum to the McCrory directors, dated May 15, 1963 (only a portion of which is set forth as Exhibit * B ’ to the Do show Affidavit), Mr. Dow stated, ‘ I do not question their integrity (referring to my firm) or their standing at the Bar, which I understand is extremely high.’ Moreover, according to his own affidavit Dow stated to the Board of McCrory in June, 1963 that he ‘ had no doubt ’ of the firm’s ‘ ability and integrity.’ 22. Mr. Dow’s theory seems to be that the Court should infer that a ‘ truly adversary ’ proceeding will not be had because my firm has from time to time in the past been Special Counsel for McCrory when the Trustees or some of them were the principal executive officers of McCrory. 26. On July 31,1963, the day after the answer and objections were filed on behalf of McCrory, Mr. Wells (affiant’s partner), wrote each member of the McCrory Board, enclosing a copy of the Trustees’ petition and McCrory Corporation’s answer and objections thereto. On the same date, Mr. Wells wrote Mr. Dow, sending a copy of the letter to each of the other McCrory Directors, stating that Royall, Koegel & Rogers had undertaken to represent McCrory in the accounting proceeding ‘ and will do so to the best of our ability. ’ 27. In so far as the motion to intervene is based upon any assertion or implication that your deponent or his firm cannot or will not be diligent and faithful in the performance of their duty to McCrory, I submit that there is not the slightest foundation for any such inference and it should summarily be rejected.”
The language used in Horn Constr. Co. v. Town of Hempstead (33 Misc 2d 381), is apposite: “There is no factual showing that the town will omit any duty imposed upon it by law. The expression of an opinion that the action of the town in noticing a public hearing of a proposed rezoning * indicates an attitude toward the action less than conducive to a strenuous defense ’ is not evidence of inadequacy of representation. The town, which has taken no position on this application, is still entitled to the benefit of the presumption that its officials will omit no duty which the law imposes upon them (Matter of Whitman, 225 N. Y. 1, 9; Schieffelin v. Goldsmith, 253 N. Y. 243, 252; Matter of Evans v. Berry, 262 N. Y. 61, 72).”
Mr. Newcomb’s firm is likewise entitled to the benefit of the presumption that it will discharge its legal and ethical responsibilities unhampered by a duality or conflict of interest. It must be assumed that the nine specifications of objections were interposed in good faith with substantial bases in law and .fact and that they will be hotly pursued. In the remote event that the *589 court’s reliance upon Mr. Newcomb’s assurances have been misplaced, the court on its own initiative, or on motion of the Beferee or special counsel, may add parties as provided for by section 1003 of the Civil Practice Law and Buies.
While the movant need not have a direct interest in the litigation it is insufficient for him to merely reassert what has already been advanced by McCrory attorneys, thereby adding nothing to the attack already made by them on the trustees’ accounts (Fielding v. Allen, 9 F. R. D. 106 [S. D. N. Y.]). There must also be a showing of other factors mentioned in the intervention statutes (Kalkstein v. Kalkstein, 278 App. Div. 781 [2d Dept.]; Central Hanover Bank & Trust Co. v. Saranac Riv. Power Corp., 243 App. Div. 843 [3d Dept.]).
The movant is not entitled to intervene as a matter of right and permissive intervention is here denied diseretionarily. Although intervention was granted in Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore (51 F. Supp. 972, 973 [D. C. Mass.]), the language used therein is apposite: “It is easy enough to see what are the arguments against intervention where, as here, the intervener merely underlines issues of law already raised by the primary parties.”
The motion is denied in all respects.