## THIRD DEPARTMENT, APRIL, 1976

## (April 1, 1976)

■ In the Matter of CAPITAL TELEPHONE COMPANY, INC., Appellant, v ALFRED E. KAHN et al., Constituting the Public Service Commission of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 28, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Public Service Commission. In this proceeding petitioner seeks to annul a determination of the Public Service Commission which, without benefit of a public hearing, granted to Boris Squire and Annette Squire, doing business as Air Page, a radio-telephone utility, the right to interconnect their radio-telephone system with the New York Telephone Company. Ruling that petitioner lacked the standing necessary to maintain the proceeding, Special Term dismissed the petition and this appeal ensued. We agree with Special Term. Only recently the Court of Appeals has reaffirmed the principle that "competitive injury, of itself, will not confer standing" *(Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 11), and the sole basis asserted by petitioner for its alleged right to bring this proceeding is the competitive economic threat posed to its operations by the commission's determination. To confer standing upon petitioner, something more is clearly required, such as an invasion of a statutorily protected right or a statute which calls for protection against destructive competition, in addition to the adverse economic impact which the determination would allegedly have on petitioner's business (cf. *Data Processing Serv. v Camp,* 397 US 150; *Matter of Dairylea Coop. v Walkley, supra; Columbia Gas of N. Y. v New York State Elec. & Gas Corp.,* 28 NY2d 117). Furthermore, petitioner's reliance upon *People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Public Serv. Comm.* (195 NY 157) is clearly unwarranted. While a competitor in that case was found to have the standing necessary to challenge the issuance of a certificate of public convenience and necessity, the issuance of said certificate would have

authorized new railroad construction and resulted in a new entrant into the market. Such is plainly not the case here as Air Page merely seeks permission to improve the service it offers within its present service territory. In conclusion, we would additionally note that any consideration of the merits of this matter would likewise result in a dismissal of the petition. Pursuant to the rules and regulations of the commission (16 NYCRR 21.5), service changes having no significant impact upon the geographical extent of a company's service territory may be implemented without a hearing, and in this instance the proposed interconnection will serve only to improve the quality of service provided by Air Page without in any way altering the extent of its service territory. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur. [81 Misc 2d 444.]