In the Matter of CAVAGES, INC., Appellant, v ROBERT KETTER, as President of the State University of New York at Buffalo, Respondent, and MICHELE SMITH, as President of the Student Association of the State University of New York at Buffalo, Intervenor-Respondent. (And Another Action.)—Order unanimously affirmed, without costs. Memorandum: Since 1966 Cavages, Inc. (Cavages), has owned and operated a retail record store adjacent to the State University of New York at Buffalo. In 1971 the university president, Dr. Robert Ketter, permitted its student association to establish and operate a record co-operative store in a campus building. Although the record co-operative failed to comply with certain conditions imposed upon it by the administration, it was not until October, 1975, after receiving several complaints from Cavages, that Dr. Ketter directed it to close. Following that order, Cavages' premises were picketed by university students and subjected to various acts of vandalism. Subsequently the record co-operative was allowed to reopen, and Cavages commenced an article 78 proceeding as well as a separate action under article 7-A of the State Finance Law. The article 78 proceeding seeks to annul Dr. Ketter's decision allowing the record co-operative to reopen, while the plenary action seeks a judgment directing Dr. Ketter to close the co-operative and enjoining him from permitting it to open. Cavages initially contends that Special Term erroneously dismissed its article 78 proceeding. While it is clear that Cavages has suffered competitive injury, that alone is not a sufficient basis to confer standing upon one who seeks to challenge an official determination which increases competition by allowing an additional competitor to enter the business field (see *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 11; *Matter of Capital Tel. Co., v Kahn,* 52 AD2d 650). Moreover, the relief sought in the article 78 proceeding is substantially the same as that sought in the plenary action. The availability of a specific alternate remedy justifies

dismissal of an article 78 proceeding *(Matter of Ottinger v Voorhis,* 213 App Div 561, affd 241 NY 49; *Matter of Ahern v Board of Supervisors of County of Suffolk,* 7 AD2d 538). Cavages also claims that the president of the student association should not have been allowed to intervene in the plenary action. We disagree. A third party will generally be permitted to intervene where he has an actual and ultimate interest in the result of the litigation *(Mandel v Guardian Holding Co.,* 192 App Div 390; *Harrison v Bain Estates,* 2 Misc 2d 52, affd 2 AD2d 670). Moreover, where he has an interest in the property involved in the action and may be adversely affected by the judgment, a party has a right to intervene pursuant to CPLR 1012 (subd [a], par 3) (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1012, p 152; 2 Weinstein-Korn-Miller, NY Civ Prac, par 1012.03). The plenary action is grounded upon Dr. Ketter's alleged improper use of State property and wrongful expenditure of State funds resulting from his decision allowing the record co-operative to operate. Since the co-operative is a member organization of the student association and is funded solely by mandatory student activity fees which are administered by the student association, the ability of the student association to fund one of its member organizations is, at least, indirectly challenged. Additionally, should Cavages prevail, the members of the student association will be adversely affected by the closing of the record co-operative. Under such circumstances, intervention was properly allowed. (Appeal from order of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.