■ FIRST AMERICAN EQUITY ASSOCIATES (1973), Respondent, v WOFSEY CERTILMAN, HAFT & LEBOW et al., Defendants, and 1979 EQUIDYNE PROPERTIES-III et al., Appellants. — Order, Supreme Court, New York County (Hilda Schwartz, J.), entered March 12, 1982, denying the motion by appellants 1979 Equidyne Properties-III and Eastland Properties, Inc., to intervene and, upon intervention, to dismiss the plaintiff's complaint, modified, on the law, to the extent of granting appellants leave to intervene as parties defendants and, as so modified, affirmed, without costs and disbursements. Plaintiff contracted to sell certain improved real property to Eastland Industries, Inc. (Eastland Properties, Inc.'s predecessor in interest) and to take back a purchase money note and mortgage as security. As additional security, Eastland and 1979 Equidyne Properties-III (a New York limited partnership) agreed to furnish promissory notes received from the limited partners of Equidyne which would be and were placed in escrow with defendant Wofsey Certilman, Haft & Lebow. Eastland assigned its interest under the contract of sale to Equidyne. Subsequently, Equidyne commenced an action on or about December 29, 1981 against First American Equity Associates, plaintiff herein, and another in Federal court in Pennsylvania, alleging breach of warranty and fraud in the inducement in connection with the sale of the improved real property. The complaint in the Pennsylvania Federal action seeks, *inter alia,* to enjoin plaintiff herein from declaring the purchase money mortgage in arrears and accelerating payment of the purchase money note. Pursuant to the escrow

agreement, plaintiff notified defendant escrow agent of a default under the mortgage note and demanded delivery of the security deposited with the escrow agent. The instant lawsuit for breach of contract was instituted upon the defendant's failure to turn over the security. Eastland and Equidyne then sought leave to intervene in this action and, upon intervention, to dismiss plaintiff's complaint. The escrow agreement is intertwined with the underlying note and mortgage. Intervention is clearly warranted (CPLR 1012; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1012:4, p 152; 2 Weinstein-Korn-Miller, NY Civ Prac, pars 1012.03, 1012.04). The Federal action does not require a dismissal of the instant action because of a lack of identity of parties and issues (CPLR 3211, subd [a], par 4; see *National Fire Ins. Co. of Hartford v Hughes,* 189 NY 84). We note that the complaint in the Federal action seeks to enjoin First American Equity Associates from declaring the purchase money mortgage in arrears and accelerating payment thereof. Although the record discloses that the debtor's request for injunctive relief in the Federal action in Pennsylvania has not been granted, there is no other showing as to its status, i.e., whether it has been denied or is pending. Accordingly, our disposition herein is without prejudice to any party seeking a stay, whether in this forum or in Pennsylvania. Concur — Kupferman, J. P., Sandler, Carro, Lupiano and Milonas, JJ.