■ BETHLEHEM STEEL CORPORATION et al., Appellants, v NIAGARA MOHAWK POWER CORPORATION, Defendant, and POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiffs' complaint sets forth three causes of action. The first seeks an order setting aside a judgment incorporating a settlement agreement entered into among all defendants. The agreement allocated certain available replacement power. The second cause of action seeks an order "enjoining and mandating" defendants Niagara Mohawk and the Power Authority of the State of New York (PASNY) to sell plaintiffs an equitable portion of the power which was the subject of the settlement agreement, and other power which may become available in the future. The third cause of action seeks money damages against Niagara Mohawk and PASNY for their failure to allocate power to plaintiffs over the last six years. The industrial defendants which were parties to the settlement agreement moved to dismiss the first and second causes of action. PASNY moved to dismiss the first cause of action only, while the City of

Niagara Falls moved to dismiss all three causes of action. Niagara Mohawk made no motion to dismiss and has served its answer. Special Term, "compelled by the principles of equity", dismissed the actions as against all the moving parties and ordered "that the plaintiffs' complaint is stricken and dismissed, without leave to replead, as against the Industry Defendants, Power Authority and City of Niagara Falls." The first cause of action seeks a reopening of the settlement agreement only. Such a collateral attack by a nonparty to the agreement was properly dismissed. Since plaintiffs were not parties to the initial action, the judgment incorporating the settlement agreement can have no *res judicata* effect upon them. If any of the plaintiffs' rights were violated by the agreement they may be entitled to replacement power under the second cause of action and damages under the third cause of action. Therefore, Special Term erred in dismissing these causes of action. (Appeal from order of Supreme Court, Erie County, Kane, J. — dismiss complaint.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.