██ BETHLEHEM STEEL CORPORATION et al., Appellants, v AIRCO, INC., et al., Respondents. — Order unanimously affirmed, with costs. Memorandum: Plaintiffs appeal from an order which (1) granted respondents' motion for permission to intervene in plaintiffs' action seeking a mandatory allocation of hydroelectric power to plaintiffs; (2) amended the title of plaintiffs' action to reflect respondents' status as intervenors; and (3) permitted the interposition of the answers of such intervenor defendants.

Respondents have shown a proper basis for intervention. The action in which they sought intervenor status is one involving disposition or distribution of property (CPLR 1012, subd [a], par 3), to wit, the 111,250 kilowatts of surplus replacement power. Inasmuch as they are currently entitled to receive this surplus power as parties to a settlement agreement in the *Airco* action (see *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68), they have a real and substantial interest in the outcome of these proceedings (*Matter of Cavages, Inc. v Ketter*, 56 AD2d 730, 731). Furthermore, they have demonstrated by their institution and prosecution of the *Airco* action their concern to protect that interest. While respondents would not be bound in any *res judicata* sense by a judgment in this action (CPLR 1012, subd [a], par 2), their interest in the power allocation scheme established by the *Airco* action settlement agreement is one which would be adversely affected by any judgment in this action which directed Niagara Mohawk to make a different allocation from that agreed upon in the *Airco* settlement (see CPLR 1012, subd [a], par 3). The previous order of this court (*Bethlehem Steel Corp. v Niagara Mohawk Power Corp.*, 93 AD2d 983) which affirmed Special Term's dismissal of plaintiffs' first cause of action and reinstated the second and third causes of action must be regarded as having effectively deleted respondents from the caption of the complaint. However, since the relief requested in the second and third causes of action, if eventually granted, might affect a property right, the order of Special Term was proper. (Appeal from order of Supreme Court, Erie County, Kane, J. — intervention.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.