■ BETHLEHEM STEEL CORPORATION et al., Appellants, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents and AIRCO, INC., et al., Intervenors-Respondents, and PILLSBURY COMPANY, Appellant, et al., Defendants.—Order unani-

mously affirmed, without costs. Memorandum: This appeal by plaintiffs and additional defendant the Pillsbury Company is limited to Special Term's denial of their motions for leave respectively to amend the complaint and cross claim to assert a cause of action declaring null and void a supplemental agreement dated December 30, 1981 between defendants and Airco, Inc. and others. The dispute is no stranger to this court *(see, Airco Alloys Div. v Niagara Mohawk Power Corp.,* 65 AD2d 378, 76 AD2d 68; *Bethlehem Steel Corp. v Niagara Mohawk Power Corp.,* 93 AD2d 983; *Bethlehem Steel Corp. v Airco, Inc.,* 105 AD2d 1060) and we have concisely summarized the background of this litigation *(see, Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 73-75, *supra).* While we affirm for reasons stated at Special Term, we note that Special Term erred in establishing December 22, 1983 as the effective date of the rules and regulations governing industrial power allocation adopted by the Power Authority of the State of New York (21 NYCRR part 460). The New York State Register reported on May 11, 1983 that the effective date of part 460 was April 25, 1983. Various amendments to the regulations, however, became effective on December 22, 1983. The conclusion that the regulations express a prospective rather than a retrospective intention is not thereby affected. (Appeal from order of Supreme Court, Erie County, Cook, J.—amend complaint and answer.) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.