OPINION OF THE COURT
Herman Cahn, J.
llene Springer moves for leave to intervene in this action pursuant to CPLR 1012 (a) (3).
The factual and legal scenario before the court on this motion is one of first impression. The issue presented is whether a spouse may intervene in a dissolution proceeding of a corporation, in which the other spouse has a major shareholder interest, in order to preserve or protect marital assets *627 for the purpose of future equitable distribution. The court has not discovered any case law within New York addressing this issue.
This is an action for the dissolution of Karl Springer Woodworking, Ltd. (Woodworking) pursuant to Business Corporation Law § 1104. Woodworking is a close corporation controlled by Karl Springer and his brother Joachim Springer, llene Springer’s husband. Each brother owns 50% of the shares of the corporation.
On March 30, 1990, llene Springer filed an action for divorce against Joachim Springer, in which she seeks equitable distribution of their marital property pursuant to Domestic Relations Law §236. llene Springer maintains that Joachim Springer’s interest in Woodworking and its related corporation is the major marital asset to be divided, and that therefore she has a vital interest in this action. Petitioner Karl Springer maintains that llene Springer has no direct interest in this action as she is neither a shareholder nor an officer or director of the corporation and therefore intervention is not warranted.
CPLR 1012 (a) (3) authorizes intervention in an action as of right "when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment.” This section is usually liberally construed and intervention is liberally allowed. (Vantage Petroleum v Board of Assessment Review, 91 AD2d 1037; Bay State Heating & Air Conditioning Co. v American Ins. Co., 78 AD2d 147; 2 Weinstein-KornMiller, NY Civ Prac ¶ 1012.05.) Where the proposed intervener has a real, substantial or ultimate interest in the outcome of a proceeding, intervention should be permitted. (Bethlehem Steel Corp. v Airco, Inc., 105 AD2d 1060; First Am. Equity Assocs. v Wofsey, Certilman, Haft & Lebow, 89 AD2d 837; Plantech Hous. v Conlan, 74 AD2d 920; Matter of Cavages, Inc. v Ketter, 56 AD2d 730.) Additionally, intervention is proper when there are common questions of law or fact and for the purpose of judicial economy. (Matter of Spangenberg, 41 Misc 2d 584; Matter of Raymond v Honeywell, 58 Misc 2d 903; Harrison v Bain Estates, 2 Misc 2d 52, affd 2 AD2d 670.)
The court is aware that allowing intervention in such a situation could lead to the complication of ordinary and routine actions by allowing the often intense and extremely adversarial nature of matrimonial litigation to intrude into *628 such cases. Additionally, intervention in such cases may place an unduly heavy burden upon the courts. Nevertheless, intervention in this proceeding is warranted, on carefully considered terms.
Although llene Springer does not herself have an ownership or other direct relationship with Woodworking, her interest in this action is no less real. The valuation of Woodworking in this proceeding as well as any sale of Woodworking’s assets will directly affect llene Springer. Additionally, intervention is proper because a divorce action has been commenced and the marital assets will have to be valued in the matrimonial proceeding pursuant to New York law providing for equitable distribution. Allowing intervention in this proceeding will avoid duplicative work as well as inconsistent results in the valuation process.
Accordingly, llene Springer’s motion to intervene is granted. The court has broad discretion in controlling the progress of litigation on its Trial Calendar. (See, Gellman v Gellman, 160 AD2d 265; Matter of Morfesis v Wilk, 138 AD2d 244; Gintell v Coleman, 136 AD2d 515; Matter of Grisi v Shainswit, 119 AD2d 418.) Accordingly, the court reserves the right to adopt whatever procedures that may be necessary to control or move this case to a just, equitable, and expeditious conclusion. llene Springer may participate in all appearances and conferences subject to any restrictions the court may place on her at a later time and may submit papers to the court in response to papers or motions by the other parties to this action. However, in order to avoid further undue complication of this dissolution proceeding, llene Springer must notify the court prior to the making of any motion. Additionally, discovery with regard to the assets of Joachim Springer should be conducted by the intervener through the matrimonial action.