■ In the Matter of BUFFALO MALL, INC., Respondent, v ASSESSOR OF THE TOWN OF CLARENCE et al., Respondents. COUNTY OF ERIE, Appellant. (And Nine Other Proceedings.) — Order unanimously affirmed, without costs. Memorandum: In view of the county's admission that it received actual notice of these tax certiorari proceedings as early as 1974 and again in July of 1981, Special Term properly denied the motion to intervene (CPLR 1012, subd [a]) as being untimely since the motion was not made until November of 1982 and after the parties had reached a settlement in a proceeding commenced 10 years before the settlement was approved. (Appeal from order of Supreme Court, Erie County, Joslin, J. — intervene, vacate settlement order.) Present — Hancock, Jr., J. P., Callahan, Doerr, Green and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ADAMS, Also Known as FATTAH RAHIM, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of sodomy in the first degree and attempted robbery in the third degree, entered after a jury trial. The main question presented is whether the People should have been allowed to use a previously suppressed statement, alleged to have been made by him, to impeach his trial testimony (cf. *People v Cole*, 100 AD2d 442). ¶ Prior to trial, defendant moved to suppress the statement. The People stated their intention not to use the statement on trial, and the statement was summarily suppressed (CPL 710.60, subd 2, par [b]). The grounds stated in the application for suppression were violation of *Miranda* requirements (*Miranda v Arizona*, 384 US 436) and deprivation of right to counsel. It is well settled that statements suppressed on these grounds may be used for impeachment purposes (*Oregon v Hass*, 420 US 714; *Harris v New York*, 401 US 222; *People v Washington*, 51 NY2d 214; *People v Caban*, 79 AD2d 1031). ¶ At trial, defendant testified that he had been beaten by a police officer, but insisted that he had made no statement. The trial issue raised by defendant was, therefore, that any claimed statement was a fabrication of evidence, not that a statement of his was the product of coercion. Thus viewed, the prosecutor could use the statement for impeachment purposes (*People v Washington*, 51 NY2d 214). ¶ We have examined defendant's other claims of error and find them to be either without merit or harmless. (Appeal from judgment of Monroe County Court, Barr, J. — sodomy, first degree, and another charge.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.