■ In the Matter of NORSTAR APARTMENTS, INC., Respondent, v TOWN OF CLAY et al., Respondents, and BOARD OF EDUCATION OF THE LIVERPOOL CENTRAL SCHOOL DISTRICT, Appellant.—Order unanimously reversed, without costs, on the law and in the exercise of discretion, and motion granted. Memorandum: In these tax certiorari proceedings brought by Norstar Apartments, Inc., seeking reduction of its assessments for the tax years 1983-1984 and 1984-1985, it was improper for Special Term to deny the motion of the Board of Education of the Liverpool Central School District to intervene. It is of little consequence whether intervention is warranted as of right under CPLR 1012 (a), or as a matter of discretion under

CPLR 1013 (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1012.05). Where, as here, the intervenor has a real and substantial interest in the outcome of the proceedings, intervention should be allowed (*Plantech Hous. v Conlan,* 74 AD2d 920; *Matter of Cavages, Inc. v Ketter,* 56 AD2d 730). It is undisputed that if it is ultimately found that the subject property was overassessed, the school district will be required to refund excess taxes which it received (*cf. Vantage Petroleum v Board of Assessment Review,* 61 NY2d 695).

There is no merit to the argument that the motion is untimely. No showing has been made that intervention will unduly delay the trial or other disposition of these proceedings (*cf. Matter of Buffalo Mall v Assessor of Town of Clarence,* 101 AD2d 701). Absent a showing of prejudice resulting from delay in seeking intervention, the motion should not be denied as untimely (*Matter of Ginsberg v Lomenzo,* 23 NY2d 94; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1014.02). (Appeal from order of Supreme Court, Onondaga County, Roy, J.—intervention.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.