■ HECTOR B. YANGUAS, Appellant, v WAI WAI PUN, Respondent.—In an action to recover damages for wrongful eviction and trespass, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Krausman, J.), entered March 1, 1988, as denied those branches of his motion which were for summary judgment on his first and second causes of action, for summary judgment dismissing the defendant's third, fourth, and fifth affirmative defenses, and for summary judgment dismissing the second counterclaim.

Ordered that the order is modified by granting that branch of the plaintiff's motion which was to dismiss the defendant's third affirmative defense; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was a month-to-month commercial tenant in a building owned by the defendant landlord. The tenant commenced this action against the landlord, alleging that the landlord trespassed upon his premises and wrongfully evicted him. The landlord alleges that at the time of the eviction the tenant was no longer in lawful possession of the premises. Upon a review of the record, we find that the landlord has sufficiently raised issues of fact pertaining to the circumstances surrounding the eviction of the tenant so as to preclude dismissal of the fourth and fifth affirmative defenses and the second counterclaim *(see, Zuckerman v City of New York,* 49 NY2d 557).

However, that branch of the tenant's motion which was for summary judgment dismissing the affirmative defense of collateral estoppel and res judicata should have been granted. It is fundamental that a prerequisite to the application of either the res judicata or collateral estoppel doctrines is the existence of a final determination on the merits *(Ott v Barash,* 109 AD2d 254). Here, the parties resolved the prior litigation by entering into a stipulation reserving all future rights. There was no final determination on the merits and accordingly the defense of collateral estoppel and res judicata should be dismissed.

We have considered the tenant's remaining contentions and

find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.