■ SPECTRUM RESEARCH CORPORATION, Appellant, v INTERSCIENCE, INC., Respondent. [661 NYS2d 871] —Mercure, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered November 1, 1996 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff is a corporation that provides scientific research and engineering services to public and private entities. In June 1994, Michael Ampela and Joel Glickman formed plaintiff in anticipation of ending their employment with defendant and pursuing their own business. In an effort to preserve a working relationship with defendant, Ampela and Glickman offered to continue to work on existing and future projects as consultants by subcontracting their services through plaintiff.

One of these projects involved grant proposals under the United States Small Business Innovation Research Program (hereinafter SBIR). On July 12, 1994, defendant's president, James Woo, entered into separate but identical contracts with Ampela and Glickman regarding the SBIR project.* Under these contracts, Woo agreed that, in the event contracts on the SBIR project were awarded to defendant as a result of proposals drafted by Ampela and Glickman, defendant would subcontract the maximum allowable amount of work to plaintiff. Woo further agreed to give Ampela and Glickman exclusive rights to intellectual property arising from work performed by them on the project.

Following the submission of proposals by Ampela and Glick-

---

* These contracts were subsequently assigned to plaintiff.

man and their resignation from defendant's employ, defendant was awarded a contract on the SBIR project. When Woo, Ampela and Glickman were unable to come to terms concerning the work to be subcontracted to plaintiff and the ownership of intellectual property rights, plaintiff commenced this action for breach of the July 12, 1994 contracts. After serving an answer with counterclaims, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

It is well settled that a contract must be definite in its material terms in order to be enforceable (*see, Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482; *Marraccini v Bertelsmann Music Group*, 221 AD2d 95, 97, *lv denied* 89 NY2d 809; *Kensington Ct. Assocs. v Gullo*, 180 AD2d 888, 889). "[A] mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (*Martin Delicatessen v Schumacher*, 52 NY2d 105, 109; *see, Marraccini v Bertelsmann Music Group, supra*, at 97). Based upon our review of the record, we agree with Supreme Court that essential terms are omitted from the contracts at issue which render them unenforceable.

With respect to the subcontracting of work from the SBIR project, the contracts merely state that: "Should these Phase I contracts be awarded as a result of this submission or similar future resubmissions, [defendant] agrees to subcontract the maximum amount allowable ($1/3$ of total contract amount for Phase I and $1/2$ of total contract amount for Phase II, if awarded) to [plaintiff]". Significantly, the contracts fail to delineate the precise nature of the work to be subcontracted, price and manner of payment and time of performance. While these omissions might not be material under some circumstances, given the complexity of the work entailed by the SBIR project and the fact that the parties were unable to reach an agreement on these issues after extended negotiations, we conclude that the subject contract fails for indefiniteness (*see generally, Allied Sheet Metal Works v Kerby Saundes, Inc.*, 206 AD2d 166). Accordingly, the complaint was properly dismissed. In view of our disposition, we need not consider plaintiff's remaining claim.

Cardona, P. J., Mikoll, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.