■ METROPOLITAN STEEL INDUSTRIES, INC., Doing Business as STEELCO, Appellant, v PERINI CORPORATION et al., Respondents. PERINI CORPORATION, Third-Party Plaintiff-Appellant, v STV, INCORPORATED, Third-Party Defendant-Respondent. [803 NYS2d 549]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about December 1, 2004, which, in an action by a subcontractor (Steelco) against the prime contractor and the latter's sureties (Perini), granted Perini's motion for partial summary judgment dismissing Steelco's claims for delay damages, unanimously affirmed, with costs. Order, same court and Justice, entered on or about July 23, 2004, which, in a third-party action by Perini against an engineering firm (STV), insofar as appealed from, granted STV's motion for partial summary judgment dismissing so much of the third-party complaint as alleges breach of contract to provide services in connection with Perini's preparation of a proposal for the subject project, and order, same court and Justice, entered January 11, 2005, which, insofar as appealable, denied Perini's motion to renew, unanimously affirmed, with one bill of costs.

In the main action, Steelco's claims for delay damages were properly dismissed. The no-damage-for-delay clauses in both the prime contract and subcontract are unambiguous and binding on Steelco, and there is no evidence sufficient to raise an issue of fact as to whether, as Steelco claims, the delays were not contemplated at the time of the subcontract and were caused by Perini's breach of a fundamental obligation expressly imposed by the subcontract, bad faith, willful misconduct or gross negligence (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297 [1986]). In the third-party action, since Perini's amended third-party complaint alleged only a breach of its written professional services agreement (PSA) with STV, and did not mention any breach of any separate oral teaming agreement between them for proposal-stage services, STV, in order to satisfy its initial burden on the summary judgment motion, needed only to show that the PSA did not call for the alleged proposal-stage services (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). This STV did. While Perini argues that it should have been allowed to amend its pleading so as to allege the purportedly separate teaming agreement it first mentioned in its opposition to the motion, it did not request such leave until its motion to reargue and renew. In any event, on the original motion, Perini failed to adduce evidence sufficient to show a meeting of the minds with respect to STV's performance of proposal-stage services, and Perini's motion to renew was properly denied on the ground that its new evidence should have been presented on the original motion (CPLR 2221 [e] [3]). Were we to consider the motion to renew, we would find Perini's evidence insufficient to show a meeting of the minds as

to consideration. Perini claims that the teaming agreement was formed when, in exchange for STV's oral promise to perform proposal-stage services, Perini orally promised to give STV the design subcontract, i.e., the PSA, if Perini won the prime contract. However, memos of meetings between Perini's and STV's representatives, adduced by Perini to substantiate this exchange of promises, show that the substance of the design subcontract had not yet then been agreed upon. At best there was only an agreement to agree (*see Spectrum Research Corp. v Interscience, Inc.*, 242 AD2d 810 [1997]). We have considered appellants' other arguments, as well as those raised in the amicus brief, and find them to be unavailing. Concur—Buckley, P.J., Tom, Andrias, Sullivan and Malone, JJ.