■ METROPOLITAN STEEL INDUSTRIES, INC., Doing Business as STEELCO, Respondent, v PERINI CORPORATION et al., Appellants. (And a Third-Party Action.) [828 NYS2d 395]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered April 4, 2006, which denied defendants' posttrial motion for judgment notwithstanding the verdict or, in the alternative, for a new trial on the issue of damages, and granted plaintiff's posttrial motion to amend the verdict to add, inter alia, prejudgment interest and attorneys' fees, unanimously modified, on the law, to the extent of ordering a new trial on the amount of damages owing for the extra work performed by plaintiff, as directed herein, as well as any prejudgment interest owing thereon, dismissing claims numbered X-22A and X-23 as damages for delay subsumed within an earlier order of the court, vacating the award of attorneys' fees without prejudice to reconsideration after retrial, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 11, 2005, which denied defendants' motion in limine to preclude the introduction of certain evidence at trial, unanimously dismissed, without costs, as academic in light of the foregoing.

Perini was awarded a contract by the Metropolitan Transportation Authority for the design and construction of a new bus depot at 100th Street and Madison Avenue. Perini subcontracted with plaintiff Steelco for the fabrication and erection of structural steel for the project. By virtue of design changes to the project, contemplated by both the prime and subcontract, it was necessary for Steelco to perform "extra work," which was billed to Perini in accordance with the terms of the subcontract. The bulk of the changes involved closure of the "skin" of the building, using tube steel and bent plate.

Perini paid some of Steelco's change order proposals in full, and failed to pay others. Perini also made a $1,393,000 interim payment with respect to certain change order proposals. On or about November 6, 2001, Steelco was terminated by Perini under circumstances that are not clear from the record. Steelco sued to recover the contract balance, a 5% retainage, and damages for the extra work.

At trial, Steelco relied on its change order estimates as proof of the value of the extra work. Steelco did not submit information regarding its actual costs; indeed, the only actual cost document was introduced by Perini, and seems to undercut some of Steelco's arguments regarding its purported costs. Steelco's reliance on its estimates as proof of the value of the extra work was improper (*Manshul Constr. Corp. v Dormitory Auth. of State of N.Y.*, 79 AD2d 383, 388 [1981]). Steelco maintained that it was not possible to segregate some of the costs for the extra work from work for the base bid, but did not convincingly demonstrate that this was the case. The job cost history report appears to track some costs separately for extra work. Furthermore, Steelco aggressively advanced the position that the bulk of the extra work related to the "skin" of the building, the materials for which were not included in the original schedule of values. Costs associated with this extra work should thus have been segregable from those associated with the base bid. Since Steelco has not demonstrated any justifiable inability to substantiate its damages using actual costs, a new trial is necessary on the amount of damages related to that extra work. The order appealed from is affirmed as to Steelco's entitlement to the contract balance, with prejudgment interest thereon from November 6, 2001.

We reject, however, defendants' interpretation of the trade payment breakdown as mandating unit pricing. It was undisputed that the subcontract was a lump-sum contract.

Defendants' arguments regarding Steelco's entitlement to final payment are rejected. Perini did not introduce any

testimony or other evidence at trial that plaintiff was terminated by Perini, which would trigger the provisions of section 9.3 of the contract, or that it served a five-day notice as outlined in that section. Defendants concede as much, but argue that the earlier order of Justice Cahn denying summary judgment is "law of the case" on the issue of plaintiff's termination for cause. This argument is without merit. Justice Cahn ruled that factual issues regarding whether plaintiff had been terminated as provided in section 9.2 precluded summary judgment. It is well settled that the denial of a motion for summary judgment is not an adjudication on the merits (*Clearwater Realty Co. v Hernandez*, 256 AD2d 100, 101 [1998]). Since no evidence was presented at trial on this issue, the trial court properly found that Perini had failed to demonstrate the applicability of the termination-for-cause provisions of the subcontract.

Defendants are correct that the introduction of claims X-22A and X-23 in evidence was error insofar as those estimates constituted delay claims previously dismissed in an order affirmed by this Court (23 AD3d 205 [2005]), and those claims are hereby rejected. We find that the trial court committed no errors in its admission of certain documents into evidence, or in permitting passing reference to defendant sureties.

Any award of attorneys' fees pursuant to the "prevailing party" clause in the subcontract should await the new trial on damages with respect to the extra work. We have considered the parties' other arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.