[863 NYS2d 657]

Metropolitan Steel Industries, Inc., Doing Business as Steelco, Appellant, v Perini Corporation et al., Respondents. (And a Third-Party Action.)

First Department, September 9, 2008

*Milber Makris Plousadis & Seiden, LLP*, White Plains (*Leonardo D'Alessandro, Mark Seiden* and *Thomas H. Kukowski* of counsel), for appellant.

*Peckar & Abramson, P.C.*, New York City (*Stephen A. Stallings* and *Richard L. Abramson* of counsel), for respondents.

## OPINION OF THE COURT

BUCKLEY, J.

At issue on this appeal is one work order, denominated X-32A, arising out of a construction project, and the applicability of the law of the case doctrine. Defendant Perini Corporation (Perini), the prime contractor on the project, hired plaintiff Metropolitan Steel Industries, Inc. (Steelco) as a subcontractor. Both the prime contract and the subcontract contained a no-damage-for-delay clause, which precluded Steelco from obtaining extra compensation for delays in the project unless specifically allowed by the owner. Steelco began work, but was terminated by Perini before completing its subcontract, and therefore commenced this action to recover the balance on the subcontract, a 5% retainage, and damages for extra work based on 27 outstanding change work orders.

Defendants, Perini and its sureties, moved for partial summary judgment to dismiss the claims for delay damages, as barred by the no-damage-for-delay clauses of the prime contract and subcontract. Perini argued that the 27 change order proposals listed in the complaint fell into two categories: (1) change orders for additional work, and (2) change orders regarding delays. Perini's motion papers stated:

> "Due to Steelco's failure to provide discovery regarding a full, accurate and complete accounting of its claims, it cannot be precisely determined which of the 27 outstanding change order proposals represent Steelco's claims for delay damages. As best Perini can assess, Change Order Proposal Nos. X-22A, X-23, X-28A, X-29, X-31A, X-32A, X-37, X-43, X-44, X-45 and X-47 represent Steelco's claims for delay damages."

Thus, Perini took the position that at least 11 of the 27 change order proposals represented claims for delay damages, and

specifically enumerated the 11 change orders it was able to identify as pursuing delay damages. In opposition, Steelco argued only that the contracts did not contain a no-damage-for-delay clause, and even if they did, there were issues of fact whether such provisions were enforceable; nowhere did Steelco challenge Perini's characterization of the 11 identified order proposals as delay claims.

Supreme Court (Herman Cahn, J.) granted Perini's motion to dismiss the claims for delay damages. Cognizant of Perini's contention that possibly more than the 11 specified claims were for delay damages, Justice Cahn noted that "approximately 11 [of the claims] are for alleged delay damages" (2004 NY Slip Op 30157[U], *5). The dissent essentially argues that, because the order did not expressly list the dismissed claims, and because it used the terms "approximately" and "alleged," Supreme Court offered merely a theoretical, advisory opinion, that decided nothing concrete. Any ambiguity was removed when Steelco asserted, for the first time in its motion for reargument or renewal, that 4 of the 11 work proposals listed in Perini's summary judgment motion (X-28A, X-29, X-31A and X-37[1]) were not for delay damages, but rather for increased costs caused by Perini. The motion for reargument/renewal expressly conceded that another 4 of the 11 proposals (X-43, X-44, X-45 and X-47) did seek delay damages. The dissent points out that Steelco did not explicitly mention work proposals X-22A, X-23 or X-32A, the remaining 3 of the 11 proposals set forth in the original motion. However, all of the work proposals discussed in Steelco's motion for reargument or renewal were among the 11 argued in Perini's original motion. Thus, Steelco evinced its understanding that Perini had argued that the 11 identified proposals were for delay damages. Justice Cahn denied reargument and renewal (2005 NY Slip Op 30155[U]). Subsequently, this Court affirmed Justice Cahn's orders (*Metropolitan Steel Indus., Inc. v Perini Corp.*, 23 AD3d 205 [2005]).

Thereafter, the parties proceeded to trial before a different Justice. At the outset of trial, the parties contested whether Steelco should be permitted to include work orders X-22A and X-23, in light of Justice Cahn's orders; no mention was made of

---

1. Although Steelco's motion papers refer to X-28, rather than X-28A, the complaint alleges a claim based only on X-28A, and makes no mention of an X-28; thus, Steelco could only have been referring to X-28A. Indeed, Steelco made a similar typographical error in its reargument/renewal motion papers, in which it interchangeably discussed an X-31, which does not appear in the complaint, and X-31A.

order X-32A. The trial court informed Steelco: "it is your opening and it's your trial. I will let you use it." Steelco was permitted to present evidence on all three work orders. During the charge conference, the issue arose again, but the trial court ruled: "As far as what was subsumed under Judge Cahn's . . . decision, I don't know what he did or not. It seems to me we can resolve that after the verdict." The jury returned a verdict in Steelco's favor on those three claims, as well as other claims, and Perini moved, inter alia, to set aside the verdict on those three claims on the ground that they had previously been dismissed by Justice Cahn. The trial court denied the motion, on the ground that Justice Cahn's orders had not explicitly recited that he was dismissing the three claims, but directed that Perini could "seek clarification" of those orders by moving before Justice Cahn (2006 NY Slip Op 30253[U], *9).

In conformity with the trial court's instructions, Perini moved before Justice Cahn for clarification whether his prior orders had dismissed claims X-22A, X-23 and X-32A. While that motion was pending, the parties appealed an order disposing of certain post-trial motions. Among the arguments raised on appeal was that Justice Cahn's orders had dismissed claims X-22A and X-23. Notwithstanding the absence of a specific reference to those claims in Justice Cahn's prior orders, an absence which the dissent in the instant appeal finds significant, this Court held: "Defendants are correct that the introduction of claims X-22A and X-23 in evidence was error insofar as those estimates constituted delay claims previously dismissed in an order affirmed by this Court (23 AD3d 205 [2005]), and those claims are hereby rejected" (*Metropolitan Steel Indus., Inc. v Perini Corp.*, 36 AD3d 568, 570 [2007]). Shortly thereafter, Justice Cahn rendered a decision on the clarification motion. If any doubts lingered, Justice Cahn, the one most familiar with his own prior rulings,[2] unequivocally held that his two prior orders had dismissed as delay claims "the 11 Steelco claims identified by Perini as delay claims," including "claims X-22A, X-23 and X-32A" (2007 NY Slip Op 34374[U], *8). Justice Cahn added: "Accordingly, [Perini's] motion is granted, and an order will be issued modifying the Dismissal Order by clarifying that Steelco claims X-22A, X-23 and X-32A were part of the 11 Steelco delay

2. The dissent's deus ex machina is thus a non sequitur.

claims that were previously dismissed" (*id.* at \*9).³ The fact that Justice Cahn "note[d]" (*id.*) the second appeal (discussing claims X-22A and X-23) does not mean, as the dissent suggests, that Justice Cahn looked to this Court to ascertain what he himself had directed in his prior orders.

Since Justice Cahn dismissed claim X-32A in the original order, and adhered to that decision on reargument/renewal, his ruling became binding on the trial judge, a judge of coordinate jurisdiction (*see Gee Tai Chong Realty Corp. v GA Ins. Co. of N.Y.*, 283 AD2d 295, 296 [2001]). The dissent acknowledges the principle of the law of the case, but would allow the parties to do what the judge cannot: "waive," i.e., disregard, an order of another judge of coordinate jurisdiction in the course of earlier proceedings. However, the doctrine applies equally to the parties (*see id.*).

Accordingly, the order of the Supreme Court, New York County (Herman Cahn, J.), entered February 16, 2007, which granted defendants' motion for an order finding that plaintiff's claim identified as X-32A had been dismissed pursuant to an order of the same court and Justice entered December 1, 2004, should be affirmed, with costs.

CATTERSON, J. (dissenting). Because neither the courts below nor this Court have ever specifically denominated plaintiff's work order X-32A as a delay damages claim and because the plaintiff submitted claim X-32A in the underlying trial without objection by the defendants, I must respectfully dissent. The defendants waived any objections concerning work order X-32A when they remained silent at trial and then compounded the omission by failing to include it as an issue in their appeal to this Court. Consequently, I believe the motion court's decision and order should be reversed, and the jury finding in the plaintiff's favor on claim X-32A reinstated.

This action and third-party action arise from the design and

---

**3.** The dissent finds confusion in the final paragraph of the clarification order, in which Justice Cahn specifically lists only 10 delay claims, inadvertently omitting work order X-47 from the list of 11 claims that had been identified by Perini and dismissed by his prior orders. Confusion can only be obtained by ignoring Justice Cahn's clear and repeated statements that Perini had identified 11 work orders as seeking delay claims, and that all 11 had been dismissed on that basis. Furthermore, the dissent does not explain how a proofreading failure concerning claim X-47 can cast doubt on Justice Cahn's explicit ruling, restated several times, that claim X-32A, the claim at issue on this appeal, had been dismissed.

construction of a multi-storied bus depot located on 100th Street and Madison Avenue in New York City (hereinafter referred to as the Project), owned and operated by the New York City Transit Authority. On or about May 1, 2000, defendant Perini Corporation (hereinafter referred to as Perini) entered into a $90 million design-build prime contract with the Metropolitan Transportation Authority for the design and construction of the bus depot.

Perini then entered into a subcontract with the plaintiff, Metropolitan Steel Industries (hereinafter referred to as Steelco) for $9,630,000 pursuant to which Steelco was to furnish the goods and services for the fabrication and erection of structural steel and a metal deck necessary for construction of the Project. Because of the complexity of the construction, the parties contemplated that delays and change orders would occur while construction was ongoing. To this end, the parties agreed that while Steelco would be compensated for certain changes and modifications of the design plans, it was not entitled to any extra compensation as a result of delay. Specifically, the parties executed a no-damage-for-delay-clause, which reads: "Subcontractor shall not be entitled to any extra compensation for any suspension, delay or acceleration not specifically allowed and paid for by Owner."

On March 1, 2001, Steelco commenced erection of the structural steel. For reasons not clear in the record, on November 15, 2001, Perini terminated Steelco, and completed Steelco's remaining work.

In March 2002, Steelco commenced the underlying action against Perini and its sureties, seeking, inter alia, contract damages in the amount of $2,400,000, based on 27 alleged outstanding change order requests. Steelco contended that during its performance of the contract, Perini "substantially altered, changed, modified and interfered with [its work] causing delay, inefficiency and additional cost to Plaintiff in the performance of the work."

In May 2004, following some discovery, Perini moved for partial summary judgment and argued that, pursuant to the contract, Steelco was not entitled to damages caused by delay. Perini asserted that some of the work orders submitted by Steelco were "delay claims" rather than work modification claims, and thus exempt from damages. Specifically, as to these claims, Perini stated:

"Due to Steelco's failure to provide discovery

regarding a full, accurate and complete accounting of its claims, it cannot be precisely determined which of the 27 outstanding change order proposals represent Steelco's claims for delay damages. *As best Perini can assess,* Change Order Proposal Nos. X-22A, X-23, X-28A, X-29, X-31A, X-32A, X-37, X-43, X-44, X-45 and X-47 represent Steelco's claims for delay damages" (emphasis added).

Steelco opposed the motion on various grounds but did not contest the allegation that the 11 enumerated work orders were delay damages claims.

In a decision and order of November 30, 2004 (hereinafter referred to as the first order), the court granted Perini's motion for partial summary judgment dismissing claims for delay damages, on the ground that such claims were barred by the relevant provisions of the prime contract and subcontract. The first order however did not specifically identify any of these claims by their work order numbers. Nor did it effectively establish, as the defendants now argue, that there were 11 such claims. Specifically, the motion court referred to the number of claims that were allegedly delay claims only in its narration of the facts: "Steelco commenced this action against Perini, seeking contract damages based on certain outstanding Steelco-prepared change order requests, of which *approximately 11 are for alleged delay damages*" (2004 NY Slip Op 30157[U], *5 [emphasis added]).

The first order did not explain how that number was arrived at, or from where it materialized. Most certainly, the first order did not make any independent determination as to which of the work orders were, in fact, claims for delay damages rather than *alleged* delay damages. The remaining seven pages of the 11-page decision focused on the enforceability of contractual "no-damage-for-delay" provisions. Consequently, the order dismissed Steelco's delay claims generally but never identified them specifically by work order number.

Thereafter, Steelco moved to reargue and renew, asserting, inter alia, that various of the claims designated by Perini as delay claims were, in fact, work change claims. Steelco acknowledged that four of the work orders alleged by Perini to be delay claims—X-43, X-44, X-45 and X-47—were indeed "seek[ing] recovery for alleged delay damages." Steelco referred to four other claims—X-28, X-29, X-31A, and X-37—as claims for increased costs "because of Perini's acts and/or omissions." No

mention whatsoever was made of work orders X-22A, X-23 or X-32A.

In January 2005, the court denied the motion for reargument without reference to any of the specific work orders or claims but simply on the ground that since Steelco had failed to object to the designations in reply to Perini's motion for partial summary judgment, it was barred from doing so on a motion to reargue and renew (2005 NY Slip Op 30155[U]). Steelco appealed.

On November 10, 2005, this Court affirmed the motion court's first and second orders to the extent that it affirmed the dismissal of delay claims on the ground that the no-damage-for-delay provision was unambiguous and binding on Steelco (23 AD3d 205 [2005]).

However, the specific work orders affected by this provision were not identified by this Court. The extent of our ruling as to the delay claims was as follows:

> "Steelco's claims for delay damages were properly dismissed. The no-damage-for-delay clauses in both the prime contract and subcontract are unambiguous and binding on Steelco, and there is no evidence sufficient to raise an issue of fact as to whether, as Steelco claims, the delays were not contemplated at the time of the subcontract and were caused by Perini's breach of a fundamental obligation expressly imposed by the subcontract, bad faith, willful misconduct or gross negligence" (id. at 206).

In the meantime however, on April 4, 2005, with the appeal pending, the parties proceeded to trial. In Steelco's opening statement, counsel stated that claims asserted by Steelco arising out of work orders X-22A, X-23 and X-32A were not claims for delay damages. Prior to opening statements, Perini's counsel objected to the inclusion of two of the work orders, X-22A and X-23, but did not mention X-32A. Steelco was ultimately permitted to present evidence on all three.

In the charge conference, Perini's counsel again objected to work orders X-22A and X-23 on the verdict sheet, and argued they should not be included in the jury charges but did not mention work order X-32A.

On April 14, 2005, the jury rendered a unanimous verdict in Steelco's favor on all of the claims. With regard to claim X-32A, the jury awarded Steelco $48,792. On or about May 9, 2005,

Perini moved, pursuant to CPLR 4404 (a), to set aside the verdict on the grounds, inter alia, that as the three work orders—X-22A, X-23 and X-32A—had already been dismissed by the motion court's first order, they should not have been submitted to the jury.

In March 2006, the trial court denied Perini's motion to set aside the verdict on the grounds that the motion court's order as to which of the claims were delay claims was far from clear; and that there had been no specific reference to the three work orders which the defendants were claiming had already been dismissed. Specifically the trial court·observed that: "While the plain language of [the motion court's] decision . . . dismissed all proposals for delay claims, it fails to hold that Change Order Proposals X-22A, X-23 and X-32A were in fact delay claims. Should the movant seek clarification . . . , the movant may seek its relief before [that motion court]." (2006 NY Slip Op 30253[U], *9.)

Thereafter, the defendants moved for clarification from the motion court in the form of an order finding that work orders X-22A, X-23 and X-32A had been dismissed as delay claims pursuant to the motion court's first order.

The defendants also appealed the denial of their motion for judgment notwithstanding the verdict, asserting, inter alia, that the introduction of various claims into evidence at trial was error since the claims had been dismissed by the prior order of the motion court. However, they challenged only *two* work orders in the appeal to this Court, X-22A and X-23; X-32A was not mentioned.

Thus, there was no mention of work order X-32A in this Court's decision on the second appeal (36 AD3d 568 [2007]). Specifically, we held: "Defendants are correct that the introduction of claims X-22A and X-23 in evidence was error insofar as those estimates constituted delay claims previously dismissed in an order affirmed by this Court and those claims are hereby rejected." (*Id.* at 570 [citation omitted].)

This Court's specificity notwithstanding, the original motion court's decision issued just two weeks later brought work order X-32A back as a deus ex machina. Aiming to clarify its prior two orders the motion court held that "[b]ecause this Court has already issued two orders confirming the dismissal of *the 11 Steelco claims* identified by Perini as delay claims, the dismissal· of claims X-22A, X-23 and X-32A is the law of the case. As such, it could not have been placed before the jury in this action" (2007 NY Slip Op 34374[U], *8 [emphasis added]).

This third appeal ensued. As limited by its briefs, Steelco's appeal focuses solely on its claim based on the single work order, X-32A. Steelco makes a two-prong argument. It contends that: (a) the motion court's prior orders may have dismissed its "delay claims," but never held that X-32A was one of the delay claims; and (b) X-32A is an "extra work" claim, not a delay claim, so it was not covered by the prior adjudications, and was properly submitted to the jury.

The defendants argue that the claim was expressly the subject of their initial partial summary judgment motion that was resolved in the first and second orders of the motion court and affirmed by this Court, so that the plaintiff had no right to continue to challenge the dismissal of the claim. The defendants contend that the reference to "approximately 11" change orders related to delay damages is a direct reference to their own list of 11 work orders which, "as best [they could] assess," were all of the delay claims asserted by the plaintiff.

The defendants do not reach the merits of the plaintiff's argument that X-32A was an "extra work" claim rather than a delay claim, and argue that the Court should similarly refuse to reach the merits of an argument that, according to the defendants, has already been resolved in their favor by five orders, including two by this Court. Both sides appear to agree that if X-32A was dismissed by the first order, then the claims arising from it were lost, on "law of the case" grounds. (*Ayala v S.S. Fortaleza*, 40 AD3d 440, 441 [1st Dept 2007] ["It is axiomatic that one judge may not review or overrule an order of another judge of coordinate jurisdiction in the same action or proceeding"].) It would follow that, if the first order dismissed claims arising from X-32A, then the trial judge erred in permitting evidence of claims arising from that work order to be admitted at trial, and in allowing the jury to render a verdict on those claims.

However, in my view, Steelco convincingly argues that the defendants did not believe X-32A was covered by the first order, as demonstrated by the defendants' failure to object to evidence of claims arising from X-32A at trial, and on appeal. Moreover, that failure to object, in my opinion, renders a "law of the case" argument moot since essentially it constituted a permissible waiver of any favorable determination as to X-32A by the motion court. (*See Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469 [1978] [absent transgression of public policy all rights and privileges to which one is legally entitled may be waived].)

Indeed, the defendants' ambivalence toward this single work order is perhaps the most striking aspect of this case, followed only by the motion court's decisions and orders which from start to finish have kept work order X-32A mired in confusion. A simple read-through of the order being appealed from shows that Steelco is correct.

The motion court held that "[b]ecause this Court has already issued two orders confirming the dismissal of *the 11 Steelco claims* identified by Perini as delay claims, the dismissal of claims X-22A, X-23 and X-32A is the law of the case. As such, it could not have been placed before the jury in this action" (2007 NY Slip Op 34374[U] at *8 [emphasis added]).

It should seem clear by now that the two orders of the motion court did not dismiss *the 11* claims but simply referred to "approximately 11" work orders that are for *"alleged* delay damages" (2004 NY Slip Op 30157[U] at *5 [emphasis added]). Indeed, the use of the terms "approximately" and "alleged" suggests that the issue of whether these claims are all delay damages claims or indeed, if any of them are delay damages claims is far from settled. Undoubtedly the reference to "11" came from the defendants' own assessment in their motion for summary judgment but neither of the motion court's orders specified the work order numbers that were deemed delay claims. Thus, neither could this Court's affirmance of those orders, in November 2005, specify which of the "approximately 11" work orders were deemed delay claims. Consequently, in March 2006 when the trial court denied the defendants' motion for judgment notwithstanding the verdict there was neither law of the case on the work orders at issue nor a binding appellate court determination as to precisely which work orders were deemed claims arising out of delay damages.

Nevertheless, the motion court continues its decision and order entered February 16, 2007 as if the imprecision of the two prior orders resolved itself through passage of time: "This Court's decisions, which effectively dismissed Change Order Proposals X22-A, X-23 and X-32A, among others, as delay claims, [are] the law of the case." (2007 NY Slip Op 34374[U] at *8.)

The motion court purports to find support for this determination by relying on this Court's ruling "in a decision dated January 30, 2007 . . . that the introduction of claims X-22A and X-23 in evidence 'was error insofar as those estimates constituted

delay claims previously dismissed in an order affirmed by this court . . . and those claims are hereby rejected' " (*id.* at *9 [citation omitted]).

However the question then arises as to how the motion court segued into the following conclusion that includes not the two claims whose dismissal is affirmed by this Court in its January 30, 2007 ruling but the three for which dismissal is sought by the defendants: "Accordingly, defendants' motion is granted, and an order will be issued modifying the Dismissal Order by clarifying that Steelco claims X-22A, X-23 *and X-32A* were part of the 11 Steelco delay claims that were previously dismissed" (*id.* [emphasis added]).

It is true that this Court refers to work orders X-22A and X-23 within the group of "delay claims *previously dismissed* in an order affirmed by this Court" (36 AD3d at 570 [emphasis added]). However, that does not, as the defendants argue, bring work order X-32A within the umbrella of those delay claims. All it does is bring the issue back squarely to the question of which of the work orders precisely was dismissed in the first order that referred to *"approximately* 11" (emphasis added). In my opinion, this question has only become more difficult in view of the motion court's concluding paragraph which presumably is intended to clarify all preceding decisions, but which states: "ORDERED that defendants' motion for partial summary judgment is granted and Steelco's claims for delay damages *identified as claims X-22A, X-23, X-28A, X-29, X-31A, X-32A, X-37, X-43, X-44 and X-45* are dismissed." (2007 NY Slip Op 34374[U] at *9.)

Inexplicably, the total of claims identified by the motion court as delay damages claims numbers 10 not 11. Thus, if the motion court were to be affirmed, I believe it would leave this issue in the same confusion that was engendered by the motion court's use of the phrase "approximately 11" in its first order. Further, given the ambivalence of the defendants towards this single work order, particularly their failure to preserve the issue through objections at trial and their failure to raise the issue of X-32A at all on appeal, I would reverse that part of the motion court's order that dismisses X-32A as a delay claim and would reinstate the jury finding in plaintiff's favor on the claim.

SAXE, J.P., and NARDELLI, J., concur with BUCKLEY, J.; CATTERSON, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered February 16, 2007, affirmed, with costs.