OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial on the amount of rent due and the merits of tenant’s laches defense; and it is further, ordered that the order is reversed, without costs, and landlord’s motion for clarification of the decision is denied as academic.
Landlord commenced this nonpayment summary proceeding to recover possession and unpaid rent for the period from August 2004 through May 2009. The petition was amended at trial to include rent through March 2010. Tenant interposed defenses based on a defective rent demand and laches, and subsequently moved to, among other things, dismiss the petition based on a defective rent demand or, in the alternative, for partial summary judgment on her laches defense. By order dated October 7, 2009, the Civil Court (Anne Katz, J.) denied the branches of tenant’s motion seeking dismissal or, in the alternative, partial summary judgment, finding the rent demand sufficient to support the petition and that, in view of the record of landlord’s repeated litigation with tenant, tenant was not entitled to partial summary judgment based on her laches *39 defense. On March 29, 2010, following a nonjury trial, the Civil Court (Gilbert Badillo, J.) issued a decision awarding landlord possession and the principal sum of $18,010.64, and rejecting tenant’s laches defense on the ground that the defense had already been determined by Judge Katz to be without merit. On March 29, 2010, a final judgment was entered, from which we deem the appeal from the decision dated March 29, 2010 to be taken (see CPLR 5512 [a]). Landlord subsequently moved for an order clarifying the basis of the money judgment, in particular, the calculation of the rent owed from January 1, 2009. By order dated October 4, 2010, the court granted the motion and found that the rent owed from January 1, 2009 was $734.07 per month. Tenant appeals, arguing that Judge Katz should have awarded her at least partial summary judgment, that the trial court should have ruled on the merits of her laches defense, and that the trial court’s determination as to the rent owed was in error.
With respect to so much of Judge Katz’s order as denied the branch of tenant’s motion which was for partial summary judgment on the basis of laches, tenant’s motion papers were insufficient to establish the affirmative defense as a matter of law. “Laches is an equitable doctrine based on fairness” (Continental Cas. Co. v Employers Ins. Co. of Wausau, 60 AD3d 128, 137 [2008]). For the doctrine to apply, there must be a showing of unexplained delay and prejudice (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003]). Whether a party has suffered “injury, change of position, loss of evidence, or some other disadvantage resulting from the delay” (Matter of Linker, 23 AD3d 186, 189 [2005], quoting Skrodelis v Norbergs, 272 AD2d 316, 317 [2000]) “depends on the facts of the case” (Continental Cas. Co. v Employers Ins. Co. of Wausau, 60 AD3d at 137).
Mere delay without a showing of prejudice does not constitute laches (Premier Capital, LLC v Best Traders, Inc., 88 AD3d 677 [2011]; Dwyer v Mazzola, 171 AD2d 726, 727 [1991]). In determining whether rent claims are stale, proof of prior litigation between the parties may negate a defense based on laches (e.g. Roxborough Apts. Corp. v Becker, 31 Misc 3d 138[A], 2011 NY Slip Op 50753[U] [App Term, 1st Dept 2011]; Baumrind v Valentine, 2002 NY Slip Op 50137[U] [App Term, 1st Dept 2002]). In view of the proof of prior litigation submitted in opposition to tenant’s motion, a triable issue of fact was shown to exist and, thus, tenant did not establish the laches defense as a *40 matter of law, even in part. Consequently, the branch of tenant’s motion seeking partial summary judgment, insofar as it was based on laches, was properly denied.
However, we agree with tenant that the October 7, 2009 order of Judge Katz did not preclude the trial court from reviewing the evidence of laches submitted by tenant at trial. In Vitality Chiropractic, P.C. v New York Cent. Mut. Fire Ins. Co. (17 Misc 3d 34, 35 [App Term, 2d & 11th Jud Dists 2007]), this court stated:
“ ‘[T]he denial of a motion for summary judgment is not an adjudication on the merits’ (Metropolitan Steel Indus., Inc. v Perini Corp., 36 AD3d 568, 570 [2007]) and ‘establishes nothing except that summary judgment is not warranted at this time’ (Siegel, NY Prac § 287, at 470 [4th ed]). ‘What is “determined” on a motion for summary judgment is the entitlement of a party to a pretrial judgment upon the affidavits and proofs before the court at that time, not the issues defined by the living testimony and proofs at trial’ (Cushman & Wakefield v 214 E. 49th St. Corp., 218 AD2d 464, 468 [1996]; see also People v Evans, 94 NY2d 499 [2000]; Meekins v Town of Riverhead, 20 AD3d 399, 400 [2005]; Strouse v United Parcel Serv., 277 AD2d 993, 994 [2000])” (see also Franco v Jay Cee of N.Y. Corp., 36 AD3d 445, 447 [2007]; Taylor v New York Univ. Med. Ctr., 21 Misc 3d 23, 30 [App Term, 1st Dept 2008]).
There is no dispute that tenant failed to pay the portion of the rent not paid by the Department of Social Services after August 2004, when landlord’s initial rent litigation was resolved by tenant’s lump-sum rent payment. Landlord thereafter commenced several proceedings against tenant. While proof was submitted in the form of court records of certain of the prior proceedings between the parties, the trial court made no findings of fact as to whether and to what extent the prior proceedings account for the lengthy periods in which tenant did not pay the entire rent due. Consequently, a new trial is necessary to establish the amount of the unpaid rent and whether tenant established a laches defense as to even a portion of the rent due, as a possessory judgment may be entered with respect to the portion of the arrears to which the defense does not apply and a nonpossessory judgment may be entered as to the remainder of the arrears (see Mordland Assoc. v Coccaro, NYLJ, Aug. 25, 1987, at 6, col 5 [App Term, 1st Dept]).
*41 Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for a new trial on the amount of rent due and the merits of tenant’s laches defense. The order of October 4, 2010 is reversed and landlord’s motion for clarification is denied as academic in light of the reversal of the final judgment. We note that, on appeal, landlord concedes that the court’s determination in the order of October 4, 2010 as to the amount of rent due was incorrect.
Pesce, EJ., Weston and Rios, JJ., concur.