Progressive Orthopedics, PLLC, as Assignee of Sean A. Wilkerson, Respondent, 
against
The Hertz Corporation, Appellant.




Robyn M. Brilliant, Esq., for appellant.
Israel, Israel & Purdy, LLP, (Jennifer Greenhalgh Howard, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Dawn Jimenez Salta, J.), entered October 21, 2013. The judgment, after a nonjury trial, awarded plaintiff the principal sum or $3,948.65.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new trial.
In this action by a provider to recover assigned first-party no-fault benefits, defendant denied plaintiff's claim on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs). At a nonjury trial, the parties stipulated to plaintiff's prima facie case, defendant's timely denial based on plaintiff's assignor's failure to appear for duly scheduled IMEs, and the admission into evidence of plaintiff's bill and defendant's denial of claim form. The Civil Court did not allow defendant to present any evidence in support of its defense that plaintiff's assignor had failed to appear for duly scheduled IMEs, which would constitute a failure to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), because the court held that a prior order of the same court (Wavny Toussaint, J.), which had denied defendant's summary judgment motion based on that failure to appear, had already determined that defendant could not establish that defense. The court further stated that, as there were no triable issues of fact, plaintiff's motion for a directed verdict was granted. A judgment was subsequently entered awarding plaintiff the principal sum of $3,948.65.
As this court stated in Vitality Chiropractic, P.C. v New York Cent. Mut. Fire Ins. Co. (17 Misc 3d 34 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]):
" [T]he denial of a motion for summary judgment is not an adjudication on the merits' (Metropolitan Steel Indus., Inc. v Perini Corp., 36 AD3d 568, 570 [2007]) and [*2] establishes nothing except that summary judgment is not warranted at this time' (Siegel, NY Prac § 287, at 470 [4th ed]). What is "determined" on a motion for summary judgment is the entitlement of a party to a pretrial judgment upon the affidavits and proofs before the court at that time, not the issues defined by the living testimony and proofs at trial' (Cushman & Wakefield v 214 E. 49th St. Corp., 218 AD2d 464, 468 [1996]; see also People v Evans, 94 NY2d 499 [2000]; Meekins v Town of Riverhead, 20 AD3d 399, 400 [2005]; Strouse v United Parcel Serv., 277 AD2d 993, 994 [2000]). We note that in denying a motion for summary judgment, a court may, pursuant to CPLR 3212 (g), determine what facts are not in dispute or are incontrovertible . . . [and] make an order specifying such facts [which] shall be deemed established for all purposes in the action.' However, the order herein identified no particular facts as established" (id. at 35-36).
In light of the foregoing, plaintiff's motion for a directed verdict should have been denied and defendant should have been permitted to proffer evidence in support of its defense that plaintiff's assignor had failed to appear for duly scheduled IMEs.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: June 02, 2017