Jones v Town of Carroll (2018 NY Slip Op 01010)





Jones v Town of Carroll


2018 NY Slip Op 01010


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, DEJOSEPH, AND WINSLOW, JJ.


1307 CA 17-00821

[*1]CAROL L. JONES, AS EXECUTOR OF THE ESTATE OF DONALD J. JONES, CAROL L. JONES, JONES-CARROLL, INC., AND SEALAND WASTE LLC, PLAINTIFFS-RESPONDENTS,
v
TOWN OF CARROLL AND TOWN BOARD OF TOWN OF CARROLL, DEFENDANTS-APPELLANTS. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR PLAINTIFF-RESPONDENT SEALAND WASTE LLC. 


 Appeal from an order of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered January 9, 2017. The order, among other things, granted the motion of plaintiff Sealand Waste LLC, to intervene as a plaintiff. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The facts of this case are fully set forth in our decisions on the prior appeals (Jones v Town of Carroll, 32 AD3d 1216 [4th Dept 2006], lv dismissed 12 NY3d 880 [2009]; Jones v Town of Carroll [appeal No. 1], 57 AD3d 1376 [4th Dept 2008], revd 15 NY3d 139 [2010], rearg denied 15 NY3d 820 [2010]; Jones v Town of Carroll [appeal No. 2], 57 AD3d 1379 [4th Dept 2008]; Jones v Town of Carroll, 122 AD3d 1234 [4th Dept 2014], lv denied 25 NY3d 910 [2015] [Jones III]). As relevant to the present appeal, plaintiff Carol L. Jones and her husband, Donald J. Jones (decedent), owned property on a portion of which plaintiff Jones-Carroll, Inc. operated a construction and demolition landfill under permits obtained from the New York State Department of Environmental Conservation (DEC) (see Jones III, 122 AD3d at 1235). Plaintiff Sealand Waste LLC (Sealand) is a potential buyer of the property that had previously entered into an agreement with Jones, decedent, and Jones-Carroll, Inc. providing, among other things, that Sealand would test the suitability of the property for expansion of the landfill on the entire parcel and then enter into contract negotiations to purchase the property. Sealand thereafter applied for, and is still actively pursuing, a DEC permit for the proposed expansion. Sealand was denied a requested federal permit as a result of Local Law No. 1 of 2007 (2007 Law), which had been enacted by defendants and banned the operation of any solid waste management facility in defendant Town of Carroll (Town), but exempted, inter alia, such a facility then in operation pursuant to a permit issued by the DEC under the current terms and conditions of the existing operating permit (see Jones III, 122 AD3d at 1235-1236). Jones, decedent, and Jones-Carroll, Inc. commenced this action challenging the validity of the 2007 Law. Sealand moved to intervene as a plaintiff and submitted a proposed complaint containing the same claims as the first, third, and fifth causes of action in the amended complaint. Defendants appeal from an order that, among other things, granted Sealand's motion. We affirm.
Upon a timely motion, a nonparty is permitted to intervene as of right in an action involving property where the nonparty "may be affected adversely by the judgment" (CPLR 1012 [a] [3]; see Cavages, Inc. v Ketter, 56 AD2d 730, 731 [4th Dept 1977]). Additionally, after considering "whether the intervention will unduly delay the determination of the action or [*2]prejudice the substantial rights of any party," a court may, in its discretion, permit a nonparty to intervene when, inter alia, the nonparty's "claim or defense and the main action have a common question of law or fact" (CPLR 1013). "Whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677 [2d Dept 2010]; see Matter of Norstar Apts. v Town of Clay, 112 AD2d 750, 750-751 [4th Dept 1985]).
Defendants do not contend in their brief that Sealand lacks a real and substantial interest in the outcome of the proceeding or that Sealand's claims lack common questions of law or fact with the main action, and defendants are therefore deemed to have abandoned any such contentions (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Defendants nonetheless challenge the timeliness of the motion. Defendants initially contend that Sealand was too late in seeking leave to intervene because our determination in Jones III, coupled with the parties' subsequent stipulation of discontinuance of the second and fourth causes of action, "effectively dismissed" the action before Sealand sought intervention (see generally Carnrike v Youngs, 70 AD3d 1146, 1147 [3d Dept 2010]). We reject that contention. In Jones III, among other things, we modified the judgment by denying the motion of Jones, individually and as executor for decedent's estate, and Jones-Carroll, Inc. (plaintiffs) for summary judgment with respect to the first, third, and fifth causes of action in the amended complaint and by vacating Supreme Court's declaration that the 2007 Law was null and void and of no force and effect with respect to plaintiffs' use of the property, and we affirmed that part of the judgment denying defendants' cross motion for a determination that the 2007 Law was a proper exercise of the Town's police power that did not violate plaintiffs' rights and required their compliance (122 AD3d at 1236-1237, 1239). "The denial of a motion for summary judgment establishes nothing except that summary judgment is not warranted at [that] time" (Siegel, NY Prac § 287 at 487 [5th ed 2011]), and does not constitute an adjudication on the merits (see Metropolitan Steel Indus., Inc. v Perini Corp., 36 AD3d 568, 570 [1st Dept 2007]). Thus, the action has not been finally determined and, contrary to defendants' related contention, the Court of Appeals' denial of leave to appeal in Jones III "has no precedential value" (Matter of Calandra v Rothwax, 65 NY2d 897, 897 [1985]; see Matter of Marchant v Mead-Morrison Mfg. Co., 252 NY 284, 297-298 [1929], rearg denied 253 NY 534 [1930], appeal dismissed 282 US 808 [1930]). In any event, even if a motion to intervene is made after judgment, a court is not precluded from granting such relief in appropriate circumstances (see e.g. Auerbach v Bennett, 64 AD2d 98, 105 [2d Dept 1978], mod on other grounds 47 NY2d 619 [1979]; 112-40 F.L.B. Corp. v Tycoon Collections, Inc., 73 AD3d 719, 721 [2d Dept 2010]; cf. Breslin Realty Dev. Corp. v Shaw, 91 AD3d 804, 804-805 [2d Dept 2012]).
Contrary to defendants' further contention, the motion was not otherwise untimely. "In examining the timeliness of [a] motion [to intervene], courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party" (Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201 [1st Dept 2010]; see Norstar Apts., 112 AD2d at 751). Here, although Sealand did not seek to intervene until several years after it knew its interests in the property may be implicated in the dispute, we conclude that the court did not abuse its discretion in granting the motion inasmuch as Sealand's intervention will not delay resolution of the action and defendants will not suffer prejudice (see Poblocki v Todoro, 55 AD3d 1346, 1347 [4th Dept 2008]; Norstar Apts., 112 AD2d at 751). Sealand does not seek to assert any new claims or to conduct extensive additional discovery but rather, in essence, seeks only to continue the challenge to the 2007 Law on causes of action that remain unresolved despite lengthy litigation (see Poblocki, 55 AD3d at 1347). Where, as here, there is no "showing of prejudice resulting from delay in seeking intervention, the motion should not be denied as untimely" (Norstar Apts., 112 AD2d at 751).
Finally, defendants' contention that Sealand's motion should be denied on res judicata and collateral estoppel grounds is improperly raised for the first time on appeal (see Matter of Hall, 275 AD2d 979, 979 [4th Dept 2000]) and, in any event, is without merit inasmuch as there has been no final determination on the merits with respect to the first, third, and fifth causes of action in the amended complaint (see generally Yanguas v Wai Wai Pun, 147 AD2d 635, 635 [2d [*3]Dept 1989]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court