**State Farm Mut. Auto. Ins. Co. v American Empire Surplus Lines Ins. Co.**

2024 NY Slip Op 31852(U)

May 29, 2024

Supreme Court, New York County

Docket Number: Index No. 161274/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. MARY V. ROSADO</u>       PART          **33M**

*Justice*

-----------------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

                        Plaintiff,

                - v -

AMERICAN EMPIRE SURPLUS LINES INSURANCE
COMPANY, ADVANCED CONSTRUCTION EQUIPMENT
CORP., DANIEL DELUCCA, THE CITY OF NEW YORK,
NEW YORK CITY HOUSING DEVELOPMENT
CORPORATION, NEW YORK CITY HOUSING
AUTHORITY, BQE INDUSTRIES, INC.

                      Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161274/2020 |
| MOTION DATE | 07/24/2023 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 1, 33, 125, 138, 139, 140, 141, 144, 145, 146, 147

were read on this motion to/for                   MISCELLANEOUS         .

Upon the foregoing documents, Defendant Advanced Construction Equipment Corp.'s

("ACE") motion for an Order entering judgment against Plaintiff State Farm Mutual Automobile

Insurance Company ("Plaintiff") in the amount of attorneys' fees, expenses and interest incurred

by ACE in defending this insurance coverage action brought by Plaintiff, is denied.

## I.    <u>Background</u>

On December 28, 2020 Plaintiff commenced this action seeking, *inter alia*, a declaration

that Plaintiff owed neither a duty to defend nor to indemnify ACE in an underlying action entitled

*Daniel DeLucca v. City of New York, New York City Housing Development Corp., New York City*

*Housing Authority and BQE Industries, Inc.*, Supreme Court of the State of New York, County of

Kings - Index No. 501320/18 (the "DeLucca Action") (NYSCEF Doc. 1). In the DeLucca Action,

**161274/2020  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. AMERICAN
EMPIRE SURPLUS LINES INSURANCE COMPANY ET AL
Motion No. 004**

**Page 1 of 4**

INDEX NO. 161274/2020

RECEIVED NYSCEF: 05/29/2024

the plaintiff, Mr. DeLucca, alleged that he suffered an injury at a construction site on July 5, 2017 while employed by ACE (NSYCEF Doc. 139 at ¶ 7).

On July 13, 2022 Plaintiff filed a motion (Mot. Seq. 002) for summary judgment seeking, in relevant part, a declaration that it did not have a duty to defend or to indemnify ACE for the DeLucca Action (NYSCEF Doc. 33). In Mot. Seq. 002 Plaintiff also sought a further declaration that Defendant American Empire Surplus Lines Insurance Company ("AESLIC") was obligated to defend and to indemnify the DeLucca Action and sought reimbursement from AESLIC for defense costs incurred (NYSCEF Doc. 33). By Decision and Order dated March 23, 2023, the Court denied Plaintiff's motion holding that "that branch of State Farm's motion in which it seeks a declaration that it is not required to indemnify or defend Advanced Construction in the underlying action is denied" (NYSCEF Doc. 125 at 28).

On July 4, 2023, based on the Decision and Order rendered on Mot. Seq. 002, ACE brought the instant motion for an Order entering judgment against Plaintiff and in favor of ACE in the amount of attorneys' fees, expenses and interest incurred by ACE in defending the insurance coverage action brought by Plaintiff on the ground that Plaintiff's claim against it was unsuccessful (NYSCEF Doc. 138). In opposition, Plaintiff contends that ACE has not been charged any attorneys' fees and thus has no standing to bring a claim for attorneys' fees (NYSCEF Doc. 144 at ¶ 3). Plaintiff argues further that ACE is not entitled to attorneys' fees because the declaratory judgment action sought a determination to have AESLIC cover and defend the DeLucca Action (*Id.* at ¶ 4). Additionally, Plaintiff asserts that ACE's motion is premature as no final determination of the declaratory judgment action has been adjudicated (*Id.* at ¶ 8).

*[The remainder of this page is intentionally left blank]*

**161274/2020   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. AMERICAN**         **Page 2 of 4**
**EMPIRE SURPLUS LINES INSURANCE COMPANY ET AL**
**Motion No.  004**

## II.    Discussion

It is well established that "a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule" (*U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 595 [2004]). However, an insured who prevails on the merits "in an action brought by an insurer seeking a declaratory judgment that it has no duty to defend or indemnify the insured, may recover attorneys' fees expended in defending against the declaratory judgment action regardless of whether the insurer provided a defense to the insured" (*Id.*).

Here, ACE's motion is based on the argument that because the Decision and Order on Mot. Seq. 002 denied Plaintiff's motion for a declaration that it is not required to indemnify or defend Advanced Construction in the underlying action, ACE has prevailed against Plaintiff in this declaratory judgment action (NYSCEF Doc. 139 at 8). However, "[i]t is well settled that the denial of a motion for summary judgment is not an adjudication on the merits" (*Metropolitan Steel Indus., Inc. v Perini Corp.* 36 AD3d 568, 570 [2007]). In light of the foregoing, the Court finds that the denial of Plaintiff's summary judgment motion does not render ACE the prevailing party. As there has not yet been a final determination of the declaratory judgment action, ACE's motion is denied as premature.

Accordingly, it is hereby,

ORDERED that Defendant Advanced Construction Equipment Corp.'s motion for an Order entering judgment against Plaintiff State Farm Mutual Automobile Insurance Company for of attorneys' fees, expenses and interest incurred by ACE in defending Plaintiff's insurance coverage action, is denied; and it is further

*[The remainder of this page is intentionally left blank]*

**161274/2020   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY ET AL**
**Motion No.  004**

**Page 3 of 4**

[* 3]

3 of 4

ORDERED that within ten days of entry, counsel for Plaintiff State Farm Mutual Automobile Insurance Company shall serve a copy of this Decision and Order, with notice of entry, on all parties to this case; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 5/29/2024 | | | *May V Rosado JSC* |
|-----------|--|--|---------------------|
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** |

**CHECK ONE:**  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☒ DENIED  ☐ GRANTED IN PART  ☐ OTHER

**APPLICATION:**  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

161274/2020  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY vs. AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY ET AL
Motion No. 004

Page 4 of 4

4 of 4

[* 4]